■ In the Matter of the Claim of WALTER RASKOFF, Respondent, v. LONG ISLAND DAILY PRESS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 23, 1971. Claimant was employed as a pressman by the Long Island Press for 12 years. It is undisputed that as a result of a congenital deformity claimant had a total loss of hearing in his left ear. He now has a deafness in his right ear as a result of exposure to excessive industrial noise. The board found that due to his 100% binaural loss of hearing he was entitled to an award: " The Board Panel finds that where there is a previous impairment of one ear it is contemplated that the other ear will be unencumbered and when the claimant has a loss of use of the other ear it is comparable to the claimant who has a previous loss of eye and becomes totally blind. The Board Panel finds that this interpretation is in accordance with the binaural formula contained in Rule One pertaining to occupational loss of hearing which evaluates both ears and which states that the binaural method of evaluation should be used in computing the loss of hearing." Because of the Legislature's grave concern over the compensability for loss of hearing resulting from exposure to industrial noise, article 3-A of the Workmen's Compensation Law was enacted (Workmen's Compensation Law, § 49-aa; see, also, Matter of Gormeley v. New York Daily News, 30 A D 2d 16, affd. 24 N Y 2d 867). Claimant had a 100% loss of hearing due to excessive industrial noise. The fact that, due to a congenital deformity, claimant only had hearing ability in one ear is of no consequence. Article 3-A was established in the public interest to meet the severe problem of industrial noise in this State. It is within the purpose of this article not to distinguish between the compensation awarded to anyone when they have lost all hearing ability with which they were born as a result of excessive industrial noise; the employer, in the area of workmen's compensation, takes his employee as he finds him. Furthermore, the mandate (see Matter of Bennett v. Poirier & McLane, 35 A D 2d 1045; Matter of Di Matteo v. Duche & Son, 33 A D 2d 1089) to use the binaural method to compute the percentage of a claimant's hearing impairment (Workmen's Compensation Law, § 49-gg; 12 NYCRR 350.1) seems to recognize this approach since, by using this required method of evaluation, an employee who had hearing only in one ear is equated with an employee who had hearing in both ears and the desired result is reached. The award of the board predicated upon the finding of a 100% binaural loss of hearing is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.